Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Malak Ghannam, | Case No.: |
| Plaintiff, | Complaint for Damages |
| | 1. Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 |
| v. | |
| First Contact, LLC d/b/a iQor and iEnergizer, Inc., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**Malak Ghannam** ("Plaintiff"), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **First Contact, LLC d/b/a iQor** and **iEnergizer, Inc.** ("Defendants"):

- 1 -
PLAINTIFF'S COMPLAINT

## INTRODUCTION

1. Plaintiff's Complaint arises under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the State of California and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of California.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Van Nuys, California 91405.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant First Contact, LLC is a business entity with a principal place of business, head office, or otherwise valid mailing address at 1 Progress Plaza, 200 Central Avenue, Floor 7, Saint Petersburg, Florida 33701.

8. Defendant First Contact is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant iEnergizer, Inc. is a business entity with a principal place of business, head office, or otherwise valid mailing address at 11009 Metric Boulevard, Building J, Suite 150, Austin, Texas 75252.

10. Defendant iEnergizer is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone number.

13. Plaintiff has only used this phone number as a cellular telephone.

14. Beginning in or before October 2015, and continuing through February 2017, Defendants called Plaintiff on her cellular telephone on a repetitive and continuous basis.

15. When Plaintiff answered calls from Defendants from about October 2015 through February 2017, their representatives stated they were calling from a third party, Credit One Bank, regarding an alleged credit-card balance.

16. On at least one of these calls on behalf of Credit One around November or December 2015, Plaintiff stated to one of Defendants' representatives that she did not wish Credit One to contact her.

17. On subsequent calls by Defendants on behalf of Credit One through February 2017, Plaintiff repeated her instruction not to call.

18. Defendants' representatives heard and acknowledged Plaintiff's instruction to stop calling.

19. Despite Plaintiff's clear demand to refrain from contacting her, Defendants persisted in calling Plaintiff repeatedly on behalf of Credit One Bank.

20. Defendants called Plaintiff on behalf of Credit One with an automated telephone dialing system and/or prerecorded voice.

21. Throughout the period Defendants were calling Plaintiff on behalf of Credit One, Plaintiff knew that their calls were automated calls as the calls would start with an audibly prerercorded or automatically-generated voice and/or a pause or delay before being connected with a live representative.

22. Throughout the period Defendants were calling Plaintiff on behalf of Credit One, the audibly prerecorded or automatically-generated voices Plaintiff heard on calls made on behalf of Credit One included a voice stating "please hold" (or words to that effect).

23. Defendants' incessant calls on behalf of Credit One were bothersome, disruptive, and frustrating for Plaintiff to endure.

24. Frustrated by the incessant calls, Plaintiff brought a claim in arbitration before the American Arbitration Association against Credit One Bank, N.A., for violations of the TCPA. See Exhibit A, Demand.

25. During arbitration, it became clear that Defendants had placed the calls to Plaintiff as agents of Credit One.

26. During arbitration, it also became clear that Defendants were in exclusive possession of nearly all information regarding the telephone dialing equipment that had been used to place calls to Plaintiff's cellular telephone on behalf of Credit One Bank.

**COUNT I**
**DEFENDANT VIOLATED THE TCPA**

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. The TCPA prohibits placing calls to a cellular telephone using an automatic telephone dialing system or automatically generated or prerecorded voice unless otherwise expressly permitted by law. 47 U.S.C. § 227(b)(1)(A)(iii).

29. Defendants initiated repeated calls to Plaintiff's cellular telephone.

30. Defendants initiated these calls to Plaintiff using an automatic telephone dialing system.

31. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

32. Defendants' calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

33. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

34. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

35. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

Case 2:18-cv-08786-PA-JPR   Document 1   Filed 10/12/18   Page 7 of 8   Page ID #:7

36. When Defendants called Plaintiff on behalf of Credit One, they knew no later than Plaintiff's instruction to stop calling around November or December 2015 that they did not have prior express consent to call Plaintiff.

37. When Defendants called Plaintiff on behalf of Credit One, they knew they were placing calls to a cellular telephone.

38. Defendants' violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

39. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Malak Ghannam**, respectfully prays for a judgment as follows:

    a) All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b) Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c) Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d) Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

- 7 -
PLAINTIFF'S COMPLAINT

     e)    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Malak Ghannam**, demands a jury trial in this case.

Respectfully submitted,

DATED: October 12, 2018        By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq. (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff