JUSTIN M. PENN (SBN 302350)
jpenn@hinshawlaw.com
HINSHAW & CULBERTSON LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Malak Ghannam,<br><br>Plaintiff,<br><br>vs.<br><br>First Contact, LLC d/b/a IQor and iEnergizer, Inc.,<br><br>Defendants. | Case No. 2:18-cv-08786-PA-JPR<br><br>**DEFENDANT IENERGIZER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MALAK GHANNAM'S COMPLAINT** |

**TO THIS HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**NOW COMES,** Defendant iEnergizer, Inc. ("Defendant"), and for its Answer and Affirmative Defenses to Plaintiff Malak Ghannam's Complaint, states as follows:

## INTRODUCTION

1. Plaintiff's Complaint arises under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

**ANSWER: Defendant admits Plaintiff asserts a claim under the TCPA, but denies it violated the TCPA and denies Plaintiff has a valid TCPA claim.**

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising

under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S 368, 386-87 (20 12) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

**ANSWER: Defendant admits this Court generally has subject-matter jurisdiction over TCPA claims.**

3. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the State of California and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of California.

**ANSWER: Defendant denies that it "regularly" conducts business in California, denies it made any calls to Plaintiff in California, denies it attempted to collect the subject debt from Plaintiff in California, and denies it caused Plaintiff any injuries in California.**

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

**ANSWER: Defendant denies that it made any calls to Plaintiff in California, denies it attempted to collect the subject debt from Plaintiff in California, and denies it caused Plaintiff any injuries in California. For these reasons, Defendant denies the allegation in the above paragraph.**

**PARTIES**

5. Plaintiff is a natural person residing in Van Nuys, California 91405.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the above paragraph and denies it on that basis.**

7. Defendant First Contact, LLC is a business entity with a principal place of business, head office, or otherwise valid mailing address at 1 Progress Plaza, 200 Central Avenue, Floor 7, Saint Petersburg, Florida 33701.

**ANSWER: The above paragraph is not directed towards Defendant, and thus, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

8. Defendant First Contact is a "person" as that term is defined by 47 U.S.C. § 153(39).

**ANSWER: The above paragraph is not directed towards Defendant, and thus, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

9. Defendant iEnergizer, Inc. is a business entity with a principal place of business, head office, or otherwise valid mailing address at 11009 Metric Boulevard Building J, Suite 150, Austin, Texas 75252.

**ANSWER: Defendant denies the allegations in the above paragraph, except to admit it has an office located at 11009 Metric Boulevard Building J, Suite 150, Austin, Texas 75252.**

10. Defendant iEnergizer is a "person" as that term is defined by 47 U.S.C § 153(39).

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the above paragraph and denies it on that basis.**

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**ANSWER: Defendant denies that it made any calls to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in the above paragraph and denies those allegations on that basis.**

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone number.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the above paragraph and denies it on that basis.**

13. Plaintiff has only used this phone number as a cellular telephone.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the above paragraph and denies it on that basis.**

14. Beginning in or before October 2015, and continuing through February 2017, Defendants called Plaintiff on her cellular telephone on a repetitive continuous basis.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the**

**allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

15. When Plaintiff answered calls from Defendants from about October 2015 through February 2017, their representatives stated they were calling from a third party, Credit One Bank, regarding an alleged credit-card balance.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

16. On at least one of these calls on behalf of Credit One around November or December 2015, Plaintiff stated to one of Defendants' representatives that she did not wish Credit One to contact her.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

17. On subsequent calls by Defendants on behalf of Credit One through February 2017, Plaintiff repeated her instruction not to call.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

18. Defendants' representatives heard and acknowledged Plaintiffs instruction to stop calling.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

19. Despite Plaintiffs clear demand to refrain from contacting her, Defendants persisted in calling Plaintiff repeatedly on behalf of Credit One Bank.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

20. Defendants called Plaintiff on behalf of Credit One with an automated telephone dialing system and/or prerecorded voice.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

21. Throughout the period Defendants were calling Plaintiff on behalf of Credit One, Plaintiff knew that their calls were automated calls as the calls would start with an audibly prerecorded or automatically-generated voice and/or a pause or delay before being connected with a live representative.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "knew" and denies the allegations in the above paragraph on that basis. Defendant denies it**

**made any calls to Plaintiff, and thus, further denies the allegations in the above paragraph directed towards it on this basis.**

22. Throughout the period Defendants were calling Plaintiff on behalf of Credit One, the audibly prerecorded or automatically-generated voices Plaintiff heard on calls made on behalf of Credit One included a voice stating "please hold" (or words to that effect).

**ANSWER: Defendant denies it made any calls to Plaintiff, and thus, denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

23. Defendants' incessant calls on behalf of Credit One were bothersome disruptive, and frustrating for Plaintiff to endure.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

24. Frustrated by the incessant calls, Plaintiff brought a claim in arbitration before the American Arbitration Association against Credit One Bank, N.A., for violations of the TCP A. See Exhibit A, Demand.

**ANSWER: Defendant denies it made any calls to Plaintiff, and thus, denies the above allegation regarding "incessant calls." Defendant denies the remaining allegations in the above paragraph, except to state that Exhibit A speaks for itself and is the best evidence of its contents. Defendant denies any allegations that vary from or contradicts it contents.**

25. During arbitration, it became clear that Defendants had placed the calls to Plaintiff as agents of Credit One.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

26. During arbitration, it also became clear that Defendants were in exclusive possession of nearly all information regarding the telephone dialing equipment that had been used to place calls to Plaintiffs cellular telephone on behalf of Credit One Bank.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

**COUNT I**
**DEFENDANT VIOLATED THE TCPA**

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER: Defendant restates and incorporates by reference its answers to Paragraphs 1 through 26 of the Complaint for its response to the above paragraph.**

28. The TCPA prohibits placing calls to a cellular telephone using automatic telephone dialing system or automatically generated or prerecorded voice unless otherwise expressly permitted by law. 47 U.S.C. § 227(b)(l)(A)(iii).

**ANSWER: Defendant denies the allegations in the above paragraph, except to state that 47 U.S.C. § 227(b)(1)(A)(iii) speaks for itself and is the best evidence of its contents. Defendant denies any allegations in the above paragraph that misrepresent or mischaracterize its contents. Answering further, Defendant denies it made any calls to Plaintiff and denies it violated the TCPA.**

29. Defendants initiated repeated calls to Plaintiff's cellular telephone.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

30. Defendants initiated these calls to Plaintiff using an automatic telephone dialing system.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

31. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

32. Defendants' calls to Plaintiffs cellular telephone were not made with Plaintiff's prior express consent.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

33. Defendant's calls to Plaintiffs cellular telephone were not made for emergency purposes.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

34. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice Plaintiffs cellular telephone.

**ANSWER: Defendant denies it made any calls to Plaintiff, denies it violated the TCPA, and denies any remaining allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

35. The TCPA provides that where a defendant willfully or knowing violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

**ANSWER: Defendant admits that the TCPA allows for treble damages, but denies it violated the TCPA in any way—much less willingly or knowingly—and denies Plaintiff is entitled to any damages whatsoever.**

36. When Defendants called Plaintiff on behalf of Credit One, they knew no later than Plaintiff's instruction to stop calling around November or December 2015 that they did not have prior express consent to call Plaintiff.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

37. When Defendants called Plaintiff on behalf of Credit One, they knew they were placing calls to a cellular telephone.

**ANSWER: Defendant denies it made any calls to Plaintiff and denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

38. Defendants' violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

**ANSWER: Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

39. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**ANSWER: Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a**

**belief as to the truth of the allegations in the above paragraph directed towards First Contact and denies those allegations on that basis.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff alleges she arbitrated the same or similar claims and issues involved in this case (or that such arbitration is pending). Any rulings adverse to Plaintiff in the arbitration may act to bar her instant claims in whole or in part pursuant to the doctrines of res judicata, collateral estoppel, and/or issue preclusion.

### Second Affirmative Defense

Plaintiff alleges she arbitrated the same or similar claims and issues involved in this case (or that such arbitration is pending). Presumably, the underlying agreement Plaintiff entered into with the original creditor regarding the subject debt (the "Credit Agreement") thus included an arbitration clause. Plaintiff's claims are thus barred in whole or in part based on this clause.

### Third Affirmative Defense

Defendant did not make any calls to Plaintiff regarding the subject debt. Even if it did, Plaintiff's claims are barred in whole or in part because Plaintiff consented to receiving such calls and/or Defendant had a good-faith basis to believe that she did.

**Fourth Affirmative Defense**

Any damage, loss, or liability sustained by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful conduct of persons or entities other than Defendant, including the other parties in this case and/or third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

**Fifth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, estoppel, and/or unclean hands.

**Reservation of Rights**

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses at law or in equity that may now or in the future be available based on discovery or other factually investigation concerning this case.

**WHEREFORE,** Defendant respectfully requests that this Court enter judgment in its favor and award it its attorneys' fees and costs in defending this action along with any other relief this Court deems just and equitable.

**JURY DEMAND**

Defendant demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATE: January 17, 2019

HINSHAW & CULBERTSON LLP

By: /s/ Justin M. Penn
JUSTIN M. PENN
Attorneys for Defendant
IENERGIZER, INC.

**CERTIFICATE OF SERVICE**

***Ghannam Malak v. First Contact, LLC d/b/a iQor and iEnergizer, Inc.***

**Case No. 2:18-cv-08786-PA-JPR**

United States District Court, Central District of California:

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025 and 151 N. Franklin Street, Suite 2500, Chicago, IL 60606.

On **January 17, 2019**, I served the document(s) entitled, **DEFENDANT iENERGIZER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**, on the interested parties in this action by placing trust copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL)**: I deposit such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

☐ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on January 17, 2019, at Los Angeles, California.

Executed on **January 17, 2019** at Los Angeles, California.

/s/Justin M. Penn

**SERVICE LIST**

***Malak Ghannam v. First Contact, LLC d/b/a iQor and iEnergizer, Inc.***
***Case No. 2:18-cv-08786-PA-JPR***

***Attorneys for Plaintiff***

Amy Lynn Bennecoff Ginsburg
Kimmel and Silverman PC
1055 West 7th Street 33rd Floor
Los Angeles, CA 90017
213-340-7770
215-540-8817 (fax)
teamkimmel@creditlaw.com

***Attorneys for First Contact, LLC***

Paul A Grammatico
Gregory S Korman
Stuart M Richter
Katten Muchin Rosenman LLP
515 South Flower Street Suite 1000
Los Angeles, CA 90071-2212
213-443-9017
213-443-9001 (fax)
paul.grammatico@kattenlaw.com
gregory.korman@kattenlaw.com
stuart.richter@kattenlaw.com